IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES H. THIBODEAUX,           ) | |
|                                 ) | |
|      Plaintiff,                               ) | |
|                                 ) | |
| v.                                                  )  | CIVIL ACTION NO. 17-0046-KD-M |
|                                 ) | |
| JUDGE A. J. McNAMARA ESTATE, *et al.*,  ) | |
|                                 ) | |
|      Defendants.                        ) | |

**ORDER**

Upon *sua sponte* review of the complaint, and for the reasons set forth herein, this action is **transferred,** pursuant to 28 U.S.C. § 1406(a), to the Eastern District of Louisiana.

Plaintiff Charles H. Thibodeaux allege that Defendants Estate of U.S. District Judge A.J. McNamara, Federal Bureau of Investigation Agent Lester Y. Tamashiro, Assistant United States Attorneys Marvin Opotowsky and Sandra Ema Gutierrez, United States Probation Officers E. DePaula and Patrick Williams, his former defense counsel Kerry P. Cuccia, the United States Department of Justice, and his neighbor Lourdes Yarbrough violated his "constitutional rights, bill of rights and Title 18 U.S. Codes 1001 Statement of Entries Generally, 241 conspiracy against rights, violation of (a) falsifies, conceals, or covers up by any trick, scheme or device a matter of fact" (*sic*) (doc. 1).  Thibodeaux also alleges that Defendants violated his Fourth Amendment rights and "U.S.A. Constitution Article 1 sec. 9 clause 3 No Ex Post Facto Laws" (*Id.*, p. 9).

As to Judge McNamara, Opotowsky, Tamashiro and Cuccia, Thibodeaux alleges that they violated 18 U.S.C. § 242, captioned "Deprivation of Rights Under Color of Law" (doc. 1, p. 2). As to Cuccia, his former defense counsel, Thibodeaux also alleges that he violated 18 U.S.C. § 242 by conspiring with Judge McNamara, Opotowsky, and Tamashiro to deprive him of his constitutional rights.  As to Yarbrough, his neighbor, he alleges that she wrongfully entered his property, and made false statements against him.  As to the Department of Justice, Thibodeaux

alleges that it failed "to do anything from the first department for filing complaints, all the way up to the U.S. States Attorney General could find nothing wrong" (doc. 1, p. 11).

Review of the complaint indicates that all actions allegedly taken by the Defendants occurred in the Eastern District of Louisiana and stem from *United States v. Thibodeaux*, Criminal Action No. 92-00230 (E.D. La. 1992). The Defendants are alleged to be residents of the Eastern District of Louisiana where Thibodeaux resides, but for Tamashiro who is alleged to reside in Hawaii and Williams and Opotowsky, as to whom no allegation is made.

The Court construes Thibodeaux's complaint as bringing an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971), as to the individual federal defendants.[1] Pursuant to 28 U.S.C. § 1331,[2] the district courts have subject matter jurisdiction over a *Bivens* action. Also, pursuant to 28 U.S.C. § 1367, the district courts may have supplemental jurisdiction over related claims that form part of the same case or controversy, such as potential state or federal claims that Thibodeaux may have against the non-federal individual defendants or the Department of Justice.

However, venue is not proper in the Southern District of Alabama. The venue statute applicable to *Bivens* actions, sets forth as follows:

(b) Venue in general.  --A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are

---

[1] The Court reviewed certain orders entered in *United States v Thibodeaux*, Criminal Action No. 2:92-CR-00230-NJB (E.D. La. 1992), *Thibodeaux v. Tamashiro,* Civil Action No. 2:12-CV-02080-LMA-JCW (E.D. La. 202), *Thibodeaux v. United States Justice Department*, Civil Action No. 2:13-CV-06344-CJB-JCW (E.D. La. 2013), and *Thibodeaux v. Africk,* Civil Action No. 2:14-CV-00921-CJB-DEK (E.D. La. 2014). Collectively, Thibodeaux appears to have raised substantially the same claims against most of the Defendants. Two of the District Courts construed Thibodeaux's complaints as bringing a *Bivens* action against certain individual Defendants. However, District Judge McNamara's Estate does not appear to have been named as a defendant, nor was Assistant United States Attorney Gutierrez, who defended the other federal defendants in *Thibodeaux v. Tamashiro.*

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331.

    residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    None of the Defendants are alleged to reside in Alabama, the State in which the Southern District of Alabama is located. Therefore, venue is not met under § 1391(b)(1). None of the events or omissions that gave rise to Thibodeaux's action occurred in this District and the action does not implicate any claims related to property in this District. Therefore, venue is not met under § 1391(b)(2). There is a district in which this action may otherwise be brought. Therefore, venue is not met under § 1391(b)(3). The Eastern District of Louisiana is the judicial district where the events or omissions giving rise to Thibodeaux's claims occurred.

    Since Thibodeaux's action does not appear to have any connection to this District, venue is not proper in the Southern District of Alabama. In that circumstance, the Court may transfer the action, in the interests of justice, to a proper district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Nalls v. Coleman Low Federal Inst.,* 440 Fed. Appx. 704 (11th Cir. 2011) (affirming transfer of a *Bivens* action from the Southern District of Florida to the Middle District of Florida for lack of proper venue). Accordingly, in the interests of justice, this action is transferred to the Eastern District of Louisiana.

    DONE and ORDERED this the 3rd day of February 2017.

                                                         /s/ Kristi K. DuBose
                                                         **KRISTI K. DuBOSE**
                                                         **UNITED STATES DISTRICT JUDGE**